UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:  15-cv-20224-DPG

JAMIKA WALKER,

               Plaintiff,

v.

FLY LOW, INC., d/b/a KING OF
DIAMONDS, a Florida Corporation; AK "N"
ELI, LLC d/b/a KING OF DIAMONDS, a
Florida Limited Liability Company;
KODRENYC, LLC, a Florida Limited
Liability Company; ELLIOT "ELI"
KUNSTLINGER, an individual; BRIAN
ABRAHAM, an individual; AKIVA "AK"
FEINSOD, an individual; and, AKINYELE
ADAMS, an individual;

               Defendants.
_____

## **THRID AMENDED COMPLAINT**

     Plaintiff, JAMIKA WALKER ("Walker" or "Plaintiff"), sues the Defendants, FLY LOW,

INC., d/b/a KING OF DIAMONDS, a Florida Corporation ("Fly Low"); AK "N" ELI, LLC

d/b/a KING OF DIAMONDS, a Florida Limited Liability Company ("AK"); KODRENYC,

LLC, a Florida Limited Liability Company ("KODRENYC"); ELLIOT "ELI" KUNSTLINGER,

an individual ("Kunstlinger"); BRIAN ABRAHAM, an individual ("Abraham"); AKIVA "AK"

FEINSOD, an individual ("Feinsod"); and, AKINYELE ADAMS, an individual ("Adams")

(collectively referred herein as "Defendants") and alleges as follows:

**NATURE OF ACTION**

1.    This action to recover money damages for straight wages and retaliation under Fair Labor Standards Act, 29 U.S.C. § 201-219 ("the Act") and for unauthorized use of Walker's likeness and invasion of privacy under Florida common law.

**JURISDICTION AND VENUE**

2.    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(3) and (4), and 29 U.S.C. §216.

3.    The Court has supplemental jurisdiction over the state law claims brought under Chapter 540, Florida Statutes.  The facts regarding Plaintiff's state law claims are so related to the Federal claims that they form part of the same case or controversy.

4.    Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of by Walker occurred within this judicial district and because Defendants have its principal place of business within the district, reside in the judicial district and because the employment records of Walker are stored or have been administered, in Miami-Dade County.

**PARTIES**

5.    At all times material, Walker was and is a resident of Broward County, Florida.

6.    At all times material, Walker is an individual and an employee for purposes of the Florida Statute and the Act.

7.    At all times material, Defendants owned and operated "King of Diamonds," a gentleman's club located in Miami.

8.    At all times material, Fly Low is a Florida Corporation having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

9.      AK is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

10.      KODRENYC is a Florida Limited Liability Company having its main place of business in Miami-Dade County, Florida and is an employer as defined by the Act.

11.      AK and KODRENYC share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations.  AK and KODRENCY are an integrated enterprise.  Alternatively, each company is an enterprise under the Act.

12.      AK and KODRENYC also share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.  AK and KODRENYC are joint employers.  Alternatively, each company is an enterprise under the Act.

13.      Kunstlinger, upon information and belief, resides in Miami-Dade County, Florida. Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."  Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC.  Kunstlinger ran the day-to-day operations of "King of Diamonds" for Walker's period of employment ("the relevant time period") and had the power to hire and fire employees; determine salaries; was responsible for paying Walker's wages and controlled Walker's work and schedule; issued disciplinary warnings and directly supervised all employees, including Walker; maintained employment records and was an individual who showed other signs of operational control over significant aspects of  "King of Diamonds'" day-to-day functions during the relevant time period and was therefore, Walker's employer as defined by the Act.

14.     Abraham, upon information and belief, resides in Miami-Dade County, Florida. Abraham is a manager of "King of Diamonds."   Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC.  Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Walker's wages and controlled Walker's work and schedule, issued disciplinary warnings and directly supervised all employees, including Walker and was therefore, Walker's employer as defined by the Act.

15.     Feinsod, upon information and belief, resides in Miami-Dade County, Florida. Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds."  Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC.   Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and was an individual who showed other signs of operational control over significant aspects of "King of Diamonds'" day-to-day functions and was therefore, Walker's employer as defined by the Act.

16.     Adams upon information and belief, resides in Miami-Dade County, Florida. Adams is a manager of "King of Diamond."  Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and KODRENYC.  Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Walker's wages and controlled Walker's work and schedule, issued disciplinary warnings and directly supervised all employees, including Walker and was therefore, Walker's employer as defined by the Act.

### COUNT I: WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST FLY LOW

17.     Walker re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

18.     This action is brought by Walker to recover from Fly Low unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

19.     Fly Low is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

20.     Walker's work for Fly Low likewise affects interstate commerce. Fly Low employed Walker as a bartender, and through her daily activities, Walker regularly worked with goods that were moved across State lines at any time in the course of business. Walker was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Walker is a covered employee for the purpose of the Act.

21.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

22.     Fly Low employed Walker from approximately November 24, 2012 to January 12, 2014.  For an approximate period of one hundred and three (103) weeks of her employment, Walker was not paid any wages and/or was not paid at least at the minimum rate of $7.25

established by the law.  Fly Low's wage payment practices to Walker for this time period did not meet the federal minimum wage law requirements as Walker was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

23.    The records, if any, concerning the number of hours actually worked by Walker and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Fly Low.  However, upon information and belief, Fly Low did not maintain accurate and complete time records of hours worked by Walker and other similarly situated employees.

24.    Fly Low violated the record keeping requirements of the Act.

25.    Prior to the completion of discovery and to the best of Walker's knowledge, at the time of the filing of this complaint, Walker's good faith estimate of unpaid wages are as follows:

a.   **Actual Damages:** $14,935.00

   i.   <u>Calculation</u>:
        $7.25 (minimum wage) x 20 hours (per week) x 103 (compensable weeks) = $14,935.00

b.   **Liquidated Damages:** $14,935.00

c.   **Total Damages:** $29,870.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount in reasonable *attorneys' fees* to be determined post-trial.

26.    Fly Low unlawfully failed to pay Walker minimum wages for the hours and relevant time periods specified above.

27.    Fly Low knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Walker and those similarly situated these minimum wages during the relevant

time period as set forth above. As such, Walker and those similarly situated are entitled to recover double damages.

28.     Fly Low willfully and intentionally refused to pay Walker minimum wages as required by the law of the United States as set forth above and remains owing Walker these wages for the relevant time period of Walker's employment with "King of Diamonds."

29.     Walker has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Walker and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Walker and other similarly-situated and against Fly Low on the basis of the Fly Low's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Walker actual damages in the amount shown to be due for unpaid wages;

C.     Award Walker an equal amount in double damages/liquidated damages;

D.     Award Walker reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT II:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST AK

30.     Walker re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

31.     This action is brought by Walker to recover from AK unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

32.     AK is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

33.     Walker's work for AK likewise affects interstate commerce. AK employed Walker as a bartender, and through her daily activities, Walker regularly worked with goods that were moved across State lines at any time in the course of business. Walker was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Walker is a covered employee for the purpose of the Act.

34.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

35.     AK employed Walker  from approximately November 24, 2012 to January 12, 2014.  For an approximate period of one hundred and three (103) weeks of her employment, Walker was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law. AK's wage payment practices to Walker for this time period did not meet the federal minimum wage law requirements as Walker was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

36.     The records, if any, concerning the number of hours actually worked by Walker and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of AK.  However, upon information and belief, AK did

not maintain accurate and complete time records of hours worked by Walker and other similarly situated employees.

37.     AK violated the record keeping requirements of the Act.

38.     Prior to the completion of discovery and to the best of Walker's knowledge, at the time of the filing of this complaint, Walker's  good faith estimate of unpaid wages are as follows:

a.  **Actual Damages:** $14,935.00

    ii.     <u>Calculation</u>:
        $7.25 (minimum wage) x 20 hours (per week) x 103 (compensable weeks) = $14,935.00

b.  **Liquidated Damages:** $14,935.00

c.  **Total Damages:** $29,870.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount as reasonable *attorneys' fees* to be determined post-trial.

39.     AK unlawfully failed to pay Walker minimum wages for the hours and relevant time periods specified above.

40.     AK knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Walker and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Walker and those similarly situated are entitled to recover double damages.

41.     AK willfully and intentionally refused to pay Walker minimum wages as required by the law of the United States as set forth above and remains owing Walker wages for the relevant time period of Walker's employment with "King of Diamonds."

42.     Walker has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Walker and those similarly-situated request that this Honorable Court:

A.    Enter judgment for Walker and other similarly-situated and against AK on the basis of the AK's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.    Award Walker actual damages in the amount shown to be due for unpaid wages;

C.    Award Walker an equal amount in double damages/liquidated damages;

D.    Award Walker reasonable attorneys' fees and costs of suit; and,

E.    Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

## COUNT III:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST KODRENYC

43.    Walker re-adopts each and every factual allegation as stated in paragraphs 1-16 above as if set out in full herein.

44.    This action is brought by Walker to recover from KODRENYC unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

45.    KODRENYC is and at all times pertinent to this Complaint, was engaged in interstate commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

46.    Walker's work for KODRENYC likewise affects interstate commerce. KODRENYC employed Walker as a bartender, and through her daily activities, Walker regularly worked with goods that were moved across State lines at any time in the course of business.

Walker was engaged in commerce or in the production of goods for commerce, or was employed in an enterprise engaged in commerce or in the production of goods for commerce. Thus, Walker is a covered employee for the purpose of the Act.

47.     29 U.S.C. § 206 (a) (1) states "...an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". On July 24, 2007 Federal minimum wage was raised to $5.85/hr. On July 24, 2008, Federal minimum wage was raised to $6.55/hr. On July 24, 2009, Federal minimum wage was raised to $7.25/hr.

48.     KODRENYC employed Walker  from approximately November 24, 2012 to January 12, 2014.  For an approximate period of one hundred and three (103) weeks of her employment, Walker was not paid any wages and/or was not paid at least at the minimum rate of $7.25 established by the law. KODRENYC's wage payment practices to Walker for this time period did not meet the federal minimum wage law requirements as Walker was not paid the required federal minimum wage for all hours worked and is therefore claiming federal minimum wage violations.

49.     The records, if any, concerning the number of hours actually worked by Walker and all other similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of KODRENYC.  However, upon information and belief, KODRENYC did not maintain accurate and complete time records of hours worked by Walker and other similarly situated employees.

50.     KODRENYC violated the record keeping requirements of the Act.

51.     Prior to the completion of discovery and to the best of Walker's knowledge, at the time of the filing of this complaint, Walker's  good faith estimate of unpaid wages are as follows:

a.  **Actual Damages:** $14,935.00

     iii.    <u>Calculation</u>:
$7.25 (minimum wage) x 20 hours (per week) x 103 (compensable weeks) = $14,935.00

b. **Liquidated Damages:** $14,935.00

c. **Total Damages:** $29,870.00 (actual damages plus liquidated damages as permitted by law) plus an additional amount as reasonable *attorneys' fees* to be determined post-trial.

52.    KODRENYC unlawfully failed to pay Walker minimum wages for the hours and relevant time periods specified above.

53.    KODRENYC knew and/or showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remains owing Walker and those similarly situated these minimum wages during the relevant time period as set forth above. As such, Walker and those similarly situated are entitled to recover double damages.

54.    KODRENYC willfully and intentionally refused to pay Walker minimum wages as required by the law of the United States as set forth above and remains owing Walker wages during the relevant time period of Walker's employment with "King of Diamonds."

55.    Walker has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

<b><u>PRAYER FOR RELIEF</u></b>

**WHEREFORE**, Walker and those similarly-situated request that this Honorable Court:

A.    Enter judgment for Walker and other similarly-situated and against KODRENYC on the basis of the KODRENYC's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and other Federal Regulations;

B.    Award Walker actual damages in the amount shown to be due for unpaid wages;

C.      Award Walker an equal amount in double damages/liquidated damages;

D.      Award Walker reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT IV:  <u>WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST KUNSTLINGER</u>

56.    Walker re-adopts each and every factual allegation as stated in paragraphs 1-55 above as if set out in full herein.

57.    This action is brought by Walker to recover from Kunstlinger unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

58.    Kunstlinger was an employer of Walker and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Walker and others similarly situated.  Kunstlinger is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Kunstlinger is also an officer and/or owner and/or manager of AK and KODRENYC.  Kunstlinger ran the day-to-day operations of "King of Diamonds" and had the power to hire and fire employees; determine salaries; was responsible for paying Walker's wages and controlled Walker's work and schedule; issued disciplinary warnings and directly supervised all employees, including Walker; maintained employment records and was an individual who showed other signs of operational control over significant aspects of  "King of

Diamonds" day-to-day functions during the relevant time period and is therefore, jointly liable for Walker's damages.

59.     Kunstlinger is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

60.     Kunstlinger willfully and intentionally caused Walker not to receive minimum wages as required by the law of the United States as set forth above and remains owing Walker these wages for the relevant time period as set forth above.

61.     Walker has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Walker and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Walker and other similarly-situated and against Kunstlinger on the basis of the Kunstlinger's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Walker actual damages in the amount shown to be due for unpaid wages;

C.     Award Walker an equal amount in double damages/liquidated damages;

D.     Award Walker reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT V:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ABRAHAM

62.     Walker re-adopts each and every factual allegation as stated in paragraphs 1-55 above as if set out in full herein.

63.     This action is brought by Walker to recover from Abraham unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

64.     Abraham was an employer of Walker and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Walker and others similarly situated.  Abraham is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Abraham is also an officer and/or owner and/or manager of AK and KODRENYC.  Abraham ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Walker's wages and controlled Walker's work and schedule, issued disciplinary warnings and directly supervised all employees and is therefore, jointly liable for Walker's damages.

65.     Abraham is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

66.     Abraham willfully and intentionally caused Walker not to receive minimum wages as required by the law of the United States as set forth above and remains owing Walker these wages for the relevant time period as set forth above.

67.     Walker has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Walker and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Walker and other similarly-situated and against Abraham on the basis of the Abraham's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.     Award Walker actual damages in the amount shown to be due for unpaid wages;

C.     Award Walker an equal amount in double damages/liquidated damages;

D.     Award Walker reasonable attorneys' fees and costs of suit; and,

E.     Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT VI:  WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST FEINSOD

68.     Walker re-adopts each and every factual allegation as stated in paragraphs 1-55 above as if set out in full herein.

69.     This action is brought by Walker to recover from Feinsod unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

70.     Feinsod was an employer of Walker and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Walker and others similarly situated.  Feinsod is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Feinsod is also an officer and/or owner and/or manager of AK and KODRENYC.  Feinsod ran the day-to-day operations of "King of Diamonds" for the relevant time period and had the power to hire and fire employees; determine salaries; maintained employment records and who showed other signs of operational control over significant aspects of  "King of Diamonds" day-to-day functions and is therefore, jointly liable for Walker's damages.

71.     Feinsod is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

72.     Feinsod willfully and intentionally caused Walker not to receive minimum wages as required by the law of the United States as set forth above and remains owing Walker these wages for the relevant time period as set forth above.

73.     Walker has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

### PRAYER FOR RELIEF

**WHEREFORE**, Walker and those similarly-situated request that this Honorable Court:

A.     Enter judgment for Walker and other similarly-situated and against Feinsod on the

basis of the Feinsod's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.      Award Walker actual damages in the amount shown to be due for unpaid wages;

C.      Award Walker an equal amount in double damages/liquidated damages;

D.      Award Walker reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT VII:  <u>WAGE AND HOUR VIOLATION (MINIMUM WAGE) – AGAINST ADAMS</u>

74.      Walker re-adopts each and every factual allegation as stated in paragraphs 1-55 above as if set out in full herein.

75.      This action is brought by Walker to recover from Adams unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq*. and specifically under the provisions of 29 U.S.C. §206.

76.      Adams was an employer of Walker and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that he acted directly or indirectly in the interests of "King of Diamonds" in relation to the employees of "King of Diamonds", including Walker and others similarly situated.  Adams is a corporate officer and/or owner and/or manager of the place of business known as "King of Diamonds." Upon information and belief, Adams is also an officer and/or owner and/or manager of AK and KODRENYC.  Adams ran the day-to-day operations of "King of Diamonds" for the relevant time period, had the power to hire and fire employees, was responsible for paying Walker's

wages and controlled Walker's work and schedule, issued disciplinary warnings and directly supervised all employees, including Walker and is therefore, jointly liable for Walker's damages.

77.     Adams is and was at all times relevant, an individual in control of the financial affairs of "King of Diamonds" as an officer/owner/manager of AK and KODRENYC and can cause the owners/managers of "King of Diamonds" to compensate (or not compensate) its employees in accordance with the Act.

78.     Adams willfully and intentionally caused Walker not to receive minimum wages as required by the law of the United States as set forth above and remains owing Walker these wages for the relevant time period as set forth above.

79.     Walker has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Walker and those similarly-situated request that this Honorable Court:

A.      Enter judgment for Walker and other similarly-situated and against Adams on the basis of the Adams's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and other Federal Regulations;

B.      Award Walker actual damages in the amount shown to be due for unpaid wages;

C.      Award Walker an equal amount in double damages/liquidated damages;

D.      Award Walker reasonable attorneys' fees and costs of suit; and,

E.      Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Law.

### COUNT VIII: FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE AGAINST ALL DEFENDANTS

80.     Walker re-adopts each and every factual allegation as stated in paragraphs 1 through 79 above as if set out in full herein.

81.     Defendants willfully and intentionally refused to pay Walker her legally owed wages as required by the laws of the United States and remain owing Walker these wages as set forth above.

82.     29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

83.     Walker complained about her unpaid minimum wages on multiple occasions.  In response to Walker's complaints, Defendants continued to withhold her wages.  As a result of these actions, Walker was forced to resign her position with Defendants.

84.     The motivating factors, which caused Walker's constructive discharge as described above, were the complaints seeking the payment of owed minimum wages from the Defendants.  In other words, Walker would not have been forced to resign her position but for her complaint about unpaid wages.

85.     Defendants' constructive termination of Walker was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Walker has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE**, Walker, requests that this Honorable Court:

CASE NO.:  15-cv-20224-DPG

A.      Enter a judgment against the Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B.      Reinstatement and promotion and injunctive relief prohibiting the Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, attorney's fees and costs, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## COUNT IX: UNAUTHORIZED PUBLICATION OF LIKENESS PURSUANT TO FL. STAT. §540.08 – AGAINST DEFENDANTS

86.      Walker repeats and re-alleges paragraphs 1-16 as if fully stated herein.

87.      Walker was forced to resign her position with Defendants on January 12, 2014.

88.      On or about January 19, 2015, Defendants published an advertisement for an event at "King of Diamonds" entitled the "Bonds Birthday Celebration," attached as Exhibit "A."

89.      Defendants used and misappropriated the likeness and image of Walker in their advertisement entitled "Bonds Birthday Celebration" without Walker's express written or oral consent.

90.      Defendants exploited Walker's likeness and image of Walker in the pursuit of monetary gains and for attracting customers and/or a crowd for the "Bonds Birthday Celebration."

91.      Defendants' use of Walker's image has been distributed through the internet and via social media websites, such as Instagram, without any compensation paid to Walker.

**WHEREFORE**, Walker demands judgment against Defendants, as follows:

a.  Enter judgment in Walker's favor and against Defendants for its violations of Florida Statute §540.08;

b.  Award Walker actual damages suffered, including reasonable royalties;

c.  Award Walker punitive damages based on Defendants' conduct;

d.  Award Walker prejudgment interest on her damages award;

e.  Award Walker reasonable costs and attorney's fees;

f.  Award Walker any further relief pursuant to Florida Statute §540.08; and,

g.  Grant Walker such other and further relief as this court deems equitable and just.

## COUNT X: INVASION OF PRIVACY – AGAINST DEFENDANTS

92.     Walker repeats and re-alleges paragraphs 1-16 as if fully stated herein.

93.     On or about January 19, 2015, Defendants published an advertisement for an event at "King of Diamonds" entitled the "Bonds Birthday Celebration," attached as Exhibit "A."

94.     Defendants' invaded Walker's privacy by misappropriating the likeness and image of Walker in their advertisement entitled "Bonds Birthday Celebration" without Walker's express written or oral consent.

95.     Defendants further exploited Walker's likeness and image of Walker in the pursuit of monetary gains and for attracting customers and/or a crowd for the "Bonds Birthday Celebration."

96.     Defendants' use of Walker's image has been distributed through the Internet and via social media websites, such as Instagram, without any compensation paid to Walker.

**WHEREFORE**, Walker demands judgment against Defendants, as follows:

a.  Enter judgment in Walker's favor and against Defendants for its violations;

b.  Award Walker compensatory damages suffered;

    c.   Award Walker prejudgment interest on her damages award;

    d.   Award Walker reasonable costs and attorney's fees;

    e.   Grant Walker such other and further relief as this court deems equitable and just.

### COUNT XI:  FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) - RETALIATION AGAINST AK

53.    Walker re-adopts each and every factual allegation as stated in paragraphs 1 through 16 above as if set out in full herein.

54.    29 U.S.C. § 215(a)(3) states that it shall be unlawful for any person "to discharge *or in any manner discriminate against any employee* because such employee has filed any complaint or instituted or *caused to be instituted any proceeding under or related to this chapter*, or has testified or is about to testify in such proceeding . . . ."  (emphasis added)

55.    Walker filed her instituted an action under 29 U.S.C. § 215(a)(3) by filing a Complaint for unpaid wages on January 20, 2015.  Walker filed an Amended Complaint on February 12, 2015.

56.    On or about March 10, AK filed its Answer, Affirmative Defenses, and Counterclaim.

57.    In their Counterclaim, AK filed a cause of action for breach of contract against Walker.  In essence, AK's Counterclaim allege that Walker violated the conditions of her employment by "over pouring cocktails while on shift, eating, drinking, and using her cell phone at the bar."

58.    AK's Counterclaim provides no dates for the purported violations or breach of contract.

59.     If AK's claims were true and viable, AK would and should have brought claims against Walker, prior to her filing of her Complaint.

60.     AK filed its Counterclaim with a retaliatory motive and without a reasonable basis in fact and law.

61.     AK willfully and intentionally filed its Counterclaim in retaliation for Walker complaining about her unpaid wages and for filing a Complaint with district court.

62.     AK, through its managers, has informed all of its employees that they intend to sue any employee who files a claim for wages or lawsuit against them.

63.     The motivating factor, which caused AK to file a Counterclaim against Walker, was Walker's complaints and the seeking of owed wages from the AK.  In other words, AK would not have filed its Counterclaim but for Walker's complaint about unpaid wages.

64.     AK's Counterclaim is in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Walker has been damaged.

### PRAYER FOR RELIEF

**WHEREFORE**, Walker, requests that this Honorable Court:

   A.   Injunctive relief prohibiting AK from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, attorney fees, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

### JURY TRIAL DEMAND

Plaintiff, Jamika Walker requests a trial by jury on all issues so triable.


Dated: April 29, 2015.

CASE NO.:  15-cv-20224-DPG

By:/s/ Ria N. Chattergoon
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com
Ria N. Chattergoon, Esquire
Fla. Bar No.: 15099
Email: ria@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549


## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By   /s/  Ria N. Chattergoon


## SERVICE LIST
**Walker v. Fly Low, Inc. et al**
**CASE NO.:  15-cv-20224-DPG**
**United States District Court, Southern District of Florida**


**R. Martin Saenz, Esquire**
E-Mail: msaenz@saenzanderson.com
Ria N. Chattergoon, Esq.
E-Mail: ria@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
Counsel for Plaintiff

Johsua R. Kon
E-Mail: jkon@stoklaw.com
Stok Folk & Kon
18851 NE 29th Avenue,
Harbour Center, Suite 1005
Aventura, FL 33180
Telephone: (305) 935-4440
Facsimile: (305) 935-4470
Counsel for Defendant, Ak "N" Eli, LLC

CASE NO.:  15-cv-20224-DPG

Service by CM/ECF

> Howard Brodsky, Esq.
> Gerald Tobin, P.A.
> E-Mail: geraldtobinpa@aol.com
> 2701 South Bayshore Drive., Suite 102
> Miami, Florida 33133
> Telephone: (305) 858-9020
> Facsimile: (305) 858-6067
> Counsel for Defendant, Fly Low, Inc.